UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONSO L. TAYLOR,

    Plaintiff,

v.                                            Case No. 22-cv-12567
                                             Honorable Linda V. Parker

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO REPORT & RECOMMENDATION; (2) ADOPTING REPORT & RECOMMENDATION, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (4) GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION; AND (5) AFFIRMING DEFENDANT'S DECISION</u>**

On October 26, 2022, Plaintiff Alphonso L. Taylor ("Taylor") filed this lawsuit challenging a final decision of Defendant Commissioner of Social Security ("Commissioner") denying Taylor's application for social security benefits. The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 15, 18.) The matter has been referred to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 12.)

1

On November 6, 2023, Magistrate Judge Stafford issued an R&R recommending that this Court deny Taylor's summary judgment motion, grant the Commissioner's motion, and affirm the Commissioner's decision denying Taylor social security benefits.  (ECF No. 19.)  Magistrate Judge Stafford addresses Taylor's single challenge to the Commissioner's decision:  that the residual functional capacity ("RFC") was not supported by substantial evidence as the Administrative Law Judge failed to adequately consider records reflecting exacerbation of Taylor's conditions following a December 2019 car accident.  (*See* ECF No. 15 at PageID 2849-55; ECF No. 19 at PageID 2892.)  Magistrate Judge Stafford finds substantial evidence supporting the RFC.  (ECF No. 19 at PageID 2893-2900.)

At the conclusion of the R&R, Magistrate Judge Stafford advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (*Id.* at PageID 2901.  Plaintiff filed objections on November 20 (ECF No. 20), to which the Commissioner has responded (ECF No. 22).

**Standard of Review**

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the

2

reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

Taylor asserts one objection to the R&R.  (ECF No. 20.)  He argues that "[t]he *Commissioner* did not sufficiently address [his] contention that the RFC was defective because it omitted certain limitations related to [his] severe impairments."  (*Id*. at PageID 2905 (emphasis added).)  As the Commissioner correctly asserts in response, Taylor's objection is improper because he fails to identify any specific error in the *magistrate judge's* analysis.  (ECF No. 22 at PageID 2916.)  "This Court is not obligated to address objections . . . [that] fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *Bialo v. Comm'r of Soc. Sec.*, No. 20-cv-10671, 2021 WL 4350534, at *1 (E.D. Mich. Sept. 24, 2021) (quoting *Owens v. Comm'r of Soc. Sec.*, No. 1:12-cv-47, 2013 WL

3

1304470, at *3 (W.D. Mich. Mar. 28, 2013)). "Objections to magistrate judge's reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in [parties' motions]." *Owens*, 2013 WL 1304470, at *3 (brackets omitted) (quoting *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio. Mar. 1, 2012)); *see also Wallace v. Comm'r of Soc. Sec.*, No. 15-cv-11839, 2016 WL 4409062, at *2 (E.D. Mich. Aug. 19, 2016) (finding waiver where the plaintiff "copied, pasted, and rebranded [arguments from his summary judgment motion] as objections to the R&R"). In any event, the Court has reviewed the record and agrees with Magistrate Judge Stafford's analysis.

Substantial evidence in the record supports the ALJ's RFC, even in light of Taylor's cervical spine issues following the December 2019 motor vehicle accident.[1] The ALJ discussed Taylor's worsening neck pain and arm weakness in early 2020, following the accident. (*See* ECF No. 9-2 at PageID 59; *see also* ECF No. 9-7 at PageID 1088-90, 1257-58, 1719-24; ECF No. 9-9 at PageID 2310-13.) The record reflected, however, that Taylor retained full muscle strength and sensation in both arms. (ECF No. 9-7 at PageID 1088-89, 1260.) His doctors recommended "exhausting all nonsurgical options . . . with [physical] therapy and possible diagnostic and therapeutic injections. (*Id*. at PageID 1260.) Taylor

---

[1] As Taylor's objections focus on his arguments regarding cervical pain, the Court does so here.

experienced some improvement from such treatment.  (ECF No. 9-8 at PageID 1651-52.)

Eventually surgery was recommended, and Taylor underwent an anterior cervical discectomy and fusion in May 2020.  (ECF No. 9-8 at PageID 1381-84.)  Post-operative notes reflected no complications and confirmed no significant recurrent disc protrusions.  (ECF No. 9-9 at PageID 2246-47.)  Taylor's surgeon noted no new motor deficits and full cervical motor strength and reflexes.  (ECF No. 9-8 at PageID 1466-67.)  By September 2020, Taylor's cervical motor strength was 4+/5 to 5/5, though he had a questionably positive Hoffman's sign on the right.  (ECF No. 9-9 at PageID 2279-80.)  A cervical spine MRI showed no recurrent disc protrusions and improvement in the stenosis and disc herniation at C3-C4 and C4-C5.  (*Id*. at PageID 2246-47, 2280.)  There was no high-grade cord-impingement, only moderate narrowing at C4-C5, and a minimal disc bulge at C5-C6 and C6-C7.  (*Id.*)  Physical therapy records reflected that Taylor's pain levels had decreased to 4/10, with less tightness in his neck and greater daily activity levels.  (*Id.* at PageID 2351.)

Plaintiff also experienced increased range of motion of the cervical spine, minimal to moderate dysfunction levels in the cervical spine, and improved posture with carryover into daily activities 80% of the time.  (*Id.*)  While Taylor still had restricted range of motion, dysfunctions, and comprised daily activities, this does

not necessarily demonstrate that restrictions greater than those imposed by the RFC were needed.

Therefore, the Court agrees with Magistrate Judge Stafford that there is substantial evidence in the record supporting the Commissioner's decision. Therefore, the Court rejects Taylor's objections to the R&R and adopts Magistrate Judge Stafford's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision denying Plaintiff's application for social security benefits is **AFFIRMED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 15, 2023